UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH J. SCHIRO,

Petitioner,

v.

RENEE BAKER,

Respondents.

Case No. 3:17-cv-00625-RCJ-VPC

ORDER

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Kenneth J. Schiro (ECF No. 1-1).  He has paid the filing fee (*see* ECF No. 3).  It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A); *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (holding that § 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather than a state court judgment).  Further, a properly filed petition for state postconviction relief can toll the period of limitations.  28 U.S.C. § 2244(d)(2).

1

Petitioner Schiro seeks to challenge prison disciplinary sanctions he received. He indicates on the face of his petition that the Nevada Supreme Court affirmed the denial of his state habeas petition on August 26, 2016, and that he submitted this federal petition for filing about October 11, 2017 (ECF No. 1-1, p. 1). This court may take judicial notice of the state-court docket, and it appears that the Nevada Supreme Court actually affirmed the denial of the state petition on November 13, 2014 (Nevada Supreme Court Case No. 66169). Thus, it appears that this federal petition was filed well beyond the one-year time limitation contained in the statute.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Therefore, the petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any relevant state habeas proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner fails to demonstrate that the petition was timely filed or that he is entitled to equitable tolling of the time period the court shall enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that the Clerk shall retain the petition but not file it at this time.

DATED: 24 April 2018.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

3